IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL MASSIAH ) | |
| ) | Civil Action No. |
| Plaintiff ) | Judge |
| ) | |
| TENNESSEE STATE UNIVERSITY ) | Jury Demand |
| ) | |
| Defendant ) | |

# COMPLAINT

Plaintiff Michael Massiah ("Plaintiff" or "Mr. Massiah") worked Tennessee State University, Campus Police Department as a police officer. Mr. Massiah was discriminatorily terminated due to his disability. Mr. Massiah's disability is due to his medical condition results in lesions on his skin and hair loss. Defendant failed to enter into an interactive process with Plaintiff to determine whether his disability could be accommodated and violated his constitutional rights to due process when they terminated him in retaliation for filing a complaint with the Equal Employment Opportunity Commission.

## Jurisdiction and Venue

1. This is an action for equitable relief and damages for unlawful employment practices brought under the Americans With Disabilities Act of 1990, 42 U.S.C.A. §§ 12101 et seq. ("ADA"), as amended by the ADA Amendments Act

1

of 2008 ("ADAAA"), 42 U.S.C. § 2000e-3 and 28 U.S.C.A. § 1343(4). The jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibit discrimination against employees because of their disability.

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343(a)(4) and 1367(a). Venue is proper under 28 U.S.C. § 1391.

3. Plaintiff complied with all conditions precedent to the filing of his claims pursuant to Title VII, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; and the EEOC has issued a Notice of Right to Sue. Plaintiff's Charge has been administratively exhausted.

**Parties**

4. Plaintiff is a resident of Clarksville, Montgomery County, Tennessee and a former employee of Defendant Tennessee State University.

5. Defendant Tennessee State University ("TSU"), at all relevant times herein, was a state-owned, public university organized and existing under the laws of the State of Tennessee. TSU is a recipient of federal funding and Plaintiff's former employee.

6. At all times relevant, acts in violation of state and federal law were committed by Defendant and its employees within the Middle District of

Tennessee.

7. Plaintiff is a qualified individual with a disability under 29 C.F.R. §1630.2(g) and

(h)(1) and 42 U.S.C. §12102(1).

8. At all material times Defendant has been an employer as defined by the ADA and ADAAA.

9. At all times material to this action, based on information and belief, Defendant has employed 50 or more employees for each working day during 2020.

## Facts

10. Plaintiff is a black male with a disability. Plaintiff worked at TSU until his unlawful termination on December 31, 2020.

11. Plaintiff was employed as a police officer cadet with Defendant.

12. Plaintiff took sick time and was under a doctor's care.

13. Defendant employee Lt. Tatum threatened Plaintiff with a 'write up' and termination if Plaintiff did not return to work from sick time off.

14. Defendant, through Plaintiff's superior officers, shared private details of Plaintiff's medical condition with Plaintiff's peers.

15. Plaintiff was made fun of because of his medical condition.

16. On or about March 2020, Sgt Brooks, at the direction os Commander Jackson, ordered Mr. Massiah to stand still while Sgt. Brooks took pictures of the

3

lesions / medical condition.

17. Plaintiff requested time off/sick time for medical reasons and was denied.

18. Defendant presented Mr. Massiah with a "write up" because he took sick time for a doctor's appointment.

19. Defendant accused Mr. Massiah of providing false doctor's notes.

20. Defendant docked Mr. Massiah for his pay for the prior pay period ending 7/31/2020.

21. Defendant held Plaintiff to a different policy and procedure than other employees who did not have a medical condition when requesting time off for medical appointments.

22. Commander Jackson told Plaintiff Tennessee was an at will state and Defendant could fire Plaintiff for taking sick time.

23. On or about May 10, 2020, Lt. Tatus made fun of Mr. Massiah because his son is "mixed" (Caucasian and African American).

24. Plaintiff lodged a complaint about the treatment over his medical condition and the racially motivated comments and hostile work environment.

25. Plaintiff's police commission was taken from him after the false accusations of "providing false doctors notes."

26. Plaintiff complained to human resources and then Defendant reinstated his police commission.

27. Plaintiff filed a complaint for discrimination based on race, retaliation, age and disability with the Equal Employment Opportunity Commission.

28. After Plaintiff filed his complaint with the EEOC, Defendant terminated Plaintiff in retaliation.

29. Plaintiff has exhausted all administrative remedies in order to bring this action. He filed a charge of discrimination with the Equal Employment Opportunity Commission. The Commission issued plaintiff a notice of rights to sue letter dated October 28, 2020. Plaintiff received the letter on Monday, November 2, 2020.

30. At no time was Plaintiff informed that he could request an accommodation for his disability including, but not limited to, time off for treatment or doctor's appointments.

## Count I

**(Violation of TDA – Disability Discrimination/Retaliation) the Americans With Disabilities Act - Failure to Accommodate)**

31. Plaintiff restates and incorporates herein the foregoing paragraphs.

32. Plaintiff was a qualified individual with a disability.

33. Plaintiff was discriminated against due to his disability.

34. Plaintiff was subjected to adverse employment actions because of his disability.

35. Plaintiff was discriminated against because of his disability which

results in lesions and hair loss which are visible.

36. Plaintiff was retaliated against for complaining to TSU management for his commanding officer's treatment because of his disability.

37. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

38. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## Count II

**(Violation of TDA – Disability Discrimination/Retaliation) the Americans With Disabilities Act - Failure to Accommodate)**

39. Plaintiff was a qualified individual with a disability.

40. Defendant discriminated and retaliated against Plaintiff because of his disability in violation of the ADA.

41. Plaintiff could perform the essential functions of his job with reasonable accommodation. Plaintiff made a request for a reasonable accommodation, including, but not limited to, time off for treatment and/or doctor visits.

42. Defendant failed to engage in a meaningful interactive process in good

faith with Plaintiff to determine whether it could accommodate his disability.

43. Defendant retaliated against Plaintiff by terminating him after he requested an accommodation and complained to TSU management that he was decommissioned due to a false allegation of presenting a "false doctor note" after taking sick time.

44. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

45. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

### Count III

**(Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3)**

46. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein of this Complaint.

47. Plaintiff engaged in protected activity by complaining about race discrimination and age discrimination when he filed a complaint with the EEOC.

48. Plaintiff engaged in protected activity by complaining about retaliation

7

when he filed two different complaints with TSU management.

49. Plaintiff has suffered adverse employment action when he was denied stripped of his officer commission.

50. Plaintiff was treated less favorably than similarly situated, non-protected employees.

51. Defendant's treatment of Plaintiff was part of a knowing and intentional retaliation against Plaintiff in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

52. In retaliation for his protected activities, Defendant has been subjected to retaliation, a retaliatory work environment and terminated.

53. As a direct and proximate result of Defendant's violation of the Civil Rights Act of 1964, as amended, Plaintiff has suffered and continues to suffer a loss of income and other employment benefits, distress, humiliation, embarrassment, emotional pain and suffering and other damages.

**WHEREFORE**, Plaintiff respectfully prays that the Court:

1. That a trial by jury be had on all triable issues;
2. Enter judgment in favor of Plaintiff and against Defendant on all counts in this action;
3. Enter declaratory judgment that the practices complained of are unlawful and void;

4. Back pay and benefits;

5. Reinstatement to Plaintiff's position or, alternatively, to a comparable position and front pay and benefits;

6. Compensation to make Plaintiff whole for the loss of benefits;

7. Compensatory damages for embarrassment, humiliation, emotional pain and suffering, mental anguish, severe stress and anxiety, psychological harm, inconvenience, and loss of enjoyment of life;

8. Punitive damages;

9. Liquidated damages;

10. Attorneys' fees and expenses;

11. Prejudgment interest and, if applicable, post-judgment interest; and

12. Such other and further legal or equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

NASHVILLE LEGAL JUSTICE

/S/ Melissa A. Baker
Melissa A. Baker, BPR No. 035018
(mailing address)
NASHVILLE LEGAL JUSTICE
8011 Brooks Chapel , Unit 2422
Brentwood, TN 37024