IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL MASSIAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:21-cv-00066 |
| | ) | |
| TENNESSEE STATE UNIVERSITY, | ) | Judge Alta A. Trauger |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO COMPEL

Defendant Tennessee State University, by and through the Office of the Attorney General, and pursuant to Fed. R. Civ. P. 37(a), files this Motion to Compel. Defendant respectfully requests that this Court compel Plaintiff to fully and completely answer Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff.

## BACKGROUND

On September 30, 2021, Defendant served its First Set of Interrogatories and Requests for Production of Documents to Plaintiff. (*See* Exhibit 1.) On November 19, 2021, Defendant received Plaintiff's Interrogatory Answers and Responses to the Requests for Production. (*See* Exhibit 2.) Plaintiff failed to provide sufficient responses for Interrogatory Nos. 3, 8, and 11, and failed to properly respond to the Requests for Production. (*See* Ex. 2.) On December 2, 2021, Defendant notified Plaintiff of his deficient Answers to Interrogatory Nos. 3, 8, and 11, and the Requests for Production of Documents. (*See* Exhibit 3.) On December 28, 2022, after receiving no response from Plaintiff to the December 2, 2021, email and letter, Defendant requested to confer with Plaintiff pursuant to L.R. 37.01 in an attempt to resolve deficiencies regarding Plaintiff's

1

Answers to Interrogatory Nos. 3, 8 and 11, and the Requests for Production. (*See* Exhibit 4.) Defendant explained that the conference was an attempt to resolve the discovery dispute prior to filing a Motion to Compel. (*See* Ex. 4.) On January 6, 2022, Plaintiff and Defendant conferred by telephone, and Plaintiff assured Defendant the deficient discovery responses would be updated. In the spirit of cooperation, Defendant held off on filing this Motion in the hopes that the updated responses and information would be received. Plaintiff's deposition is scheduled for February 28, 2022, and the outstanding discovery has not been received from Plaintiff.

## LAW AND ARGUMENT

Plaintiff should now be compelled to completely answer Interrogatory Nos. 3, 8, and 11, and to properly identify responsive documents because the information sought is reasonably calculated to lead to the discovery of admissible evidence.

**Defendant's Interrogatory No. 3 requested the following information**:

To the extent not already identified in your Initial Rule 26 disclosures, identify and/or state all persons known to you who have knowledge concerning any of the facts which tend to substantiate the allegations made by you in this civil action and state with particularity those that the person(s) may know and provide the last known contact information for each individual identified.

Plaintiff Answered as follows: Any other employee whether co-worker, supervisor or management who worked during the relevant time with Plaintiff whose name appears in communications, emails, and/or meetings produced by Defendant or Plaintiff.

**Defendant's Interrogatory No. 8 requested the following information**:

From the time period from December 31, 2020, to the present, list all attempts to obtain employment, including the name of the potential employer; date(s) of such

2

application(s), date(s) of interviews; the result of the attempt to obtain employment; and other relevant information.

Plaintiff Answered as follows: Numerous attempts were made each week.

**Defendant's Interrogatory No. 11 requested the following information**:

Paragraph 24 of your Complaint alleges that you "lodged a complaint about the treatment over [your] medical condition and the racially motivated comments and hostile work environment." For every complaint you made, state the following:

a) The specific allegations of the complaint;

b) Who (first and last name and department at TSU) you complained to;

c) The date of the complaint;

d) All witnesses to the complaint;

e) Whether the complaint was verbal, via email, or in some other form.

Plaintiff Answered as follows:

- Harassment/Intimidation by an authority figure/kidnapping/hostile work environment/disparate treatment/verbal threats/fear of assault/ 03/17/2020/TSU Police Department/ Blakely, Tony/Shelton, Dwanna/ Phelps, Thomas/ See complaint for witness info/written/hand-delivered

- Discrimination / 06/21/2020/ EEOC/ See complaint for witness info/written/ submitted online

- DISCRIMINATION/DISPARATE TREATMENT/ REPRISAL/ WHISTLEBLOWING/ HOSTILE WORK ENVIRONMENT/ HARASSMENT/ ADVERSE ACTION/ August 3, 2020/ TSU Police Department- Blakely, Tony/ Baghai, Behrouz/ Department of Equity and

3

>               Inclusion/ Robinson, Gregory / Phelps, Thomas / Spears, Linda / See
>
>               complaint for witness into/written/email

Plaintiff's Answers to Interrogatory Nos. 3 and 8 are patently deficient. The Answer to Interrogatory No. 11 is also deficient. While Plaintiff provided approximately fifty (50) documents in response to Defendant's Request for Production, the documents were not organized as being responsive to any particular Interrogatory or Request for Production. Therefore, Defendant is unable to ascertain if the documents responsive to Interrogatory No. 11 have been included in Plaintiff's production. Furthermore, the Interrogatory Answer does not provide the information requested by subparts (b) and (d) in a manner that is readily understandable. In addition, because the documents provided were not organized as being responsive to the Requests for Production, Defendant is unable to ascertain if Plaintiff has provided all responsive documentation. Plaintiff should therefore be compelled to fully and completely answer Interrogatory Nos. 3, 8, and 11, and to organize the documents provided in his responses to the Request for Production in accordance with Federal Rule of Civil Procedure 34(b)(2)(E)(i).

## CONCLUSION

Because Plaintiff has refused to adequately respond to Defendant's Interrogatory Nos. 3, 8, and 11, and its Request for Production of Documents, Defendant respectfully requests that this Court enter an order compelling Plaintiff to provide complete answers to the aforementioned Interrogatories and to appropriately designate his responses to the Requests for Production. If this Motion is granted, this Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Respectfully submitted,

**HERBERT H. SLATERY III
ATTORNEY GENERAL AND REPORTER**

*S/Rachel A. Newton*
**Rachel A. Newton, BPR No. 022960
Assistant Attorney General**
Education and Employment Division
P.O. Box 20207
Nashville, Tennessee 37202
615-741-8727
Rachel.Newton@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 17, 2022**, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

Melissa A. Baker
Nashville Legal Justice
8011 Brooks Chapel, Unit 2422
Brentwood, TN 37024
melissa@nashvillelegaljustice.com
Attorney for Plaintiff

*s/ Rachel A. Newton*
Rachel A. Newton, BPR No. 022960